UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL OMABELE,                                    Case No. 12-11938

                    Plaintiff,                     Nancy G. Edmunds
v.                                                 United States District Judge

HENRY FORD HEALTH SYSTEMS, *et al*,                Michael Hluchaniuk
                                                   United States Magistrate Judge
                    Defendants.
_____/

**REPORT AND RECOMMENDATION**
***SUA SPONTE* DISMISSAL AND**
**MOTIONS FOR SUMMARY JUDGMENT (Dkt. 67, 69)**

## I.   PROCEDURAL HISTORY

Plaintiff filed this employment civil rights case on April 30, 2012.  (Dkt. 1).

This matter was referred for all pretrial proceedings to then Magistrate Judge Mark

A. Randon.  (Dkt. 5).  On March 19, 2014, this matter was reassigned to the

undersigned and then referred for all pretrial proceedings on March 29, 2014.

(Dkt. 70).  On March 28, 2014, defendant Act-1 Personnel Services filed a motion

for summary judgment.  (Dkt. 67).  On March 28, 2014, defendant Henry Ford

Health Systems filed a motion for summary judgment.  (Dkt. 69).  Plaintiff

requested additional time to respond to the motions for summary judgment, which

was granted.  (Dkt. 73; Text Only Order dated April 23, 2014).  Plaintiff filed a

combined response to the motions for summary judgment on May 30, 2014.  (Dkt.

1

74).  Defendants filed replies on June 16, 2014.  (Dkt. 75, 77).

Plaintiff then moved to amend his response to the motion for summary judgment.  (Dkt. 83).  Plaintiff was permitted the opportunity to amend his response to the motions for summary judgment, but he was explicitly instructed that he was not permitted to use any evidence that was not provided to defendants before the close of discovery.  (Dkt. 90, Pg ID 1015).  Plaintiff was also warned that no further extensions or supplementations would be permitted.  (Dkt. 90, Pg ID 1014).  Plaintiff filed his amended response to the motions for summary judgment on December 31, 2014.  (Dkt. 91).

On January 14, 2015, defendant Henry Ford filed a motion to strike portions of plaintiff's amended summary judgment response because it violates the Court's December 3, 2014 Order.  (Dkt. 93).  Plaintiff filed a response on February 3, 2015, essentially admitting that he used evidence not previously disclosed.  (Dkt. 96).  Defendant filed a reply on February 6, 2015.  (Dkt. 98).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice and that the pending motions for summary judgment (Dkt. 67, 69) be **TERMINATED** as **MOOT**.  The motion to strike plaintiff's amended response will be granted via separate order.

2

## II.    ANALYSIS AND CONCLUSION

In the motion to strike, defendant Henry Ford points out that plaintiff cites a host of evidence that was not previously disclosed to defendants before the close of discovery in this case.  (Dkt. 93, Pg ID 1216-1218).  In response, plaintiff admits that such evidence was not previously disclosed in discovery, but contends that it is permissible under case law allowing a party to address an issue or include "new evidence" in a reply where the evidence is used to rebut arguments raised in a response.  Here, however, plaintiff is not filing a reply; rather, he is responding to the motions.  More importantly, plaintiff misses the point that the Court clearly and specifically ordered that he may not use any evidence not previously disclosed in discovery.  Plaintiff also says that the new evidence directly relates to his harassment, discrimination, and retaliation claims.  Even if true, this does not excuse plaintiff's failure to provide such evidence in discovery and does not allow him to violate the Court's December 3, 2014 Order.  Plaintiff failed to file an objection to the December 3, 2014 Order and cannot be heard now to complain about such limitations.  For these reasons, the motion to strike will be granted via separate text-only order.  As discussed below, under the circumstances, and given plaintiff's willful failure to file a proper response that complies with the specific and clear direction of the Court's December 3, 2014 Order, the undersigned recommends dismissal of plaintiff's complaint with prejudice.

3

Under Federal Rule of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

In addition to this rule-based authority, federal courts have the inherent power to impose sanctions to prevent the abuse of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991); *Link*, 370 U.S. 626 at 629-30 (federal trial courts have the inherent power to manage their own dockets). A court may exercise its inherent power to sanction when a party has "acted in bad

4

faith, vexatiously, wantonly, or for oppressive reasons," or when the conduct was "tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011), citing *Chambers*, 501 U.S. at 45-46; *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980); *see also*, *United States v. Moss-American*, *Inc.*, 78 F.R.D. 214, 216 (E.D. Wis. 1978) ("it is within the inherent equitable powers of this court to dismiss an action when a just determination of the action has been seriously thwarted by a plaintiff's willful misconduct").

In *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), the Sixth Circuit observed that the factors considered for dismissal under either Rule 37(b)(2) or Rule 41(b) are the same:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Thus, those same factors will be applied to plaintiff's failure to comply with the December 3, 2014 Order. "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* In *Reyes*, the Court also held that a party seeking to avoid the sanction of dismissal "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *Id.*, citing *Reg'l Refuse Sys.*, *Inc. v. Inland Reclamation Co.*, 842

5

F.2d 150, 154 (6th Cir. 1988). The pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). In any event, "[d]ismissal of an action ... is a sanction of last resort," *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988), and due process appears to require a finding of bad faith or willfulness. *See Chambers*, 501 U.S. at 50. Bad faith is more than "mere gamesmanship or garden variety discovery abuses." *Fharmacy Records v. Nassar*, 248 F.R.D. 507, 530 (E.D. Mich. 2008).

While this case does not present the most egregious pattern of abuses warranting dismissal, such as those found in *Fharmacy Records v. Nassar*, such is not the standard to be applied. Rather, an examination of the four *Reyes* factors reveals that dismissal is warranted in this case. In the view of the undersigned, plaintiff's conduct in disregarding the Court's plain and clear December 3, 2014 Order could only be willful. As Judge Roberts pointed out in *Whited v. Motorists Mutual Ins. Co.*, 2010 WL 3862717 (E.D. Mich. 2010), quoting *Reg'l Refuse*, 842 F.2d at 154, "if a party has the ability to comply with a[n...] order and does not, dismissal is not an abuse of discretion." Unquestionably, plaintiff had the opportunity and ability to provide substantive responses to the motions for summary judgment without using evidence not previously disclosed to defendants in discovery. The prejudice to defendants is clear. Simply showing that a party

6

"waste[d] time, money, and effort in pursuit of cooperation which [the opponent] was legally obligated to provide" can suffice to establish prejudice. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008), quoting *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997). And, in this case, the Court already determined that any attempt to bring new evidence in at this late juncture was prejudicial to defendants. (Dkt. 90, Pg ID 1015) ("Introduction of new evidence and witnesses at this late date, nearly a year after discovery has closed and well over six months after motions for summary judgment have been filed, is prejudicial and simply too late.").

In the *Pharmacy* case, the Sixth Circuit recently explained that an express written warning of dismissal is not always necessary:

> As for the third factor, we have reversed the dismissal of certain cases where the district court failed to "put the derelict parties on notice that further noncompliance would result in dismissal," *Wu*, 420 F.3d at 644; *Freeland v. Amigo*, 103 F.3d 1271, 1279–80 (6th Cir. 1997); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988), but as this is just one factor, we have also held that prior warning is not indispensable, *see United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); see also *Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (noting that a district court can, in some circumstances, "dismiss a complaint ... even without affording notice of its intention to do so"). Finally, we have instructed courts to look first to an "alternative sanction [that] would protect the integrity of the [judicial] process," but we have "never held that a district court is without power to dismiss a complaint, as

7

> the first and only sanction, ... and [we are] loath[ ] to
> require the district court to incant a litany of [ ] available
> lesser sanctions." *Schafer*, 529 F.3d at 738 (quoting
> *Harmon*, 110 F.3d at 368) (quotation marks omitted).

In this case, the Court did not expressly warn plaintiff that failure to comply with

the December 3, 2014 Order's mandate that he not use any evidence not

previously disclosed in his response could result in a dismissal. However, plaintiff

was expressly warned in the December 3, 2014 Order that his failure to comply

with other aspects of the Order could result in sanctions, including dismissal.

(Dkt. 90, Pg ID 1014) ("Plaintiff is **ORDERED** to submit to a deposition within

14 days of entry of this Order. Should plaintiff fail to comply with the terms of this

Order, the Court may determine that sanctions, including an award of attorney fees

and dismissal of plaintiff's complaint, are appropriate."). In addition, the Court

specifically warned plaintiff that failure to comply with another order could also

result in the imposition of sanctions, including attorney fees and dismissal of the

complaint. (Dkt. 80, Pg ID 836-837). Thus, plaintiff was well-aware that failure

to follow the Court's orders could result in sanctions, including dismissal of the

complaint. And, the Court also made it clear with respect to his amended response

that no further extensions of time or supplementations would be permitted.

The Court has not previously imposed lesser sanctions on plaintiff.

However, given that these motions for summary judgment have been pending

since March 2014, plaintiff's request to amend his response caused considerable delay, and he failed to file a response in accordance with the terms of the Order granting his motion to amend his response, this factor does not weigh heavily in either direction. As explained in *Reyes*, "[a]lthough no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id*. Here, as set forth above, plaintiff's conduct appears willful. Moreover, plaintiff failed to show in his response to the motion to strike that his failure to comply with the Court's December 3, 2014 was based on an inability to do so. *Reyes*, 307 F.3d at 458. Rather, plaintiff made it quite clear that he knowingly and purposefully disregarded the Court's Order. Thus, three of the four *Reyes* factors weigh heavily in favor of dismissal and the fourth factor is neutral. Under these circumstances, the undersigned concludes that dismissal is still appropriate, despite not having imposed lesser sanctions previously. *See Schafer*, 529 F.3d at 738 ("... and [we are] loath[ ] to require the district court to incant a litany of [ ] available lesser sanctions.").

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108,

110 (6th Cir. 1991); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately). The undersigned concludes that, for the reasons discussed above, plaintiff has willfully failed and refused to comply with the Court's December 3, 2014 Order. Under these circumstances, in the view of the undersigned, dismissal with prejudice is appropriate.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice and that the pending motions for summary judgment (Dkt. 67, 69) be **TERMINATED** as **MOOT**. The motion to strike plaintiff's amended response will be granted via separate order.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 12, 2015             s/Michael Hluchaniuk
                                     Michael Hluchaniuk
                                     United States Magistrate Judge

11

## **CERTIFICATE OF SERVICE**

I certify that on February 12, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Samuel Omabele, 16201 Cruse Street, Detroit, MI 48235.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov