UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL OMABELE,

    Plaintiff,

v.

HENRY FORD HEALTH SYSTEMS, *et al*,

    Defendants.
_____/

Case No. 12-11938

Honorable Nancy G. Edmunds

**ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [99] AND RETURNING THE MATTER FOR FURTHER CONSIDERATION**

This matter comes before the Court on the Magistrate Judge's February 12, 2015 Report and Recommendation [99]. Being fully advised in the premises and having reviewed the record and the pleadings, including Plaintiff's Objections, the Court REJECTS IN PART and ACCEPTS IN PART the Magistrate Judge's Report and Recommendation and returns this matter for further consideration.

The Magistrate Judge's recommendation encompasses two separate sanctions stemming from Plaintiff's discovery violations. In essence, as Plaintiff readily admits, he failed to abide by the Court's December 3, 2014 Order prohibiting him from relying on evidence not previously disclosed during discovery in response to Defendants' motions for summary judgment. In light of the wilful nature of Plaintiff's conduct, the Magistrate Judge recommended (1) granting Defendant Henry Ford Health Systems motion to strike portions of Plaintiff's amended response, and (2) *sua sponte* dismissal of Plaintiff's complaint. While

Plaintiff admits that he acted improperly, he objects to the severity of the Magistrate Judge's sanctions. More specifically, Plaintiff argues that his conduct was not so egregious to warrant a dismissal on the merits. The Court agrees.

The Sixth Circuit considers four factors in determining an appropriate sanction for discovery violations: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). The Court notes the Second Circuit's caution that, "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996).

Here, while the Court agrees that Plaintiff's attempt to introduce new evidence nearly a year after the close of discovery is simply inexcusable, "[d]ismissal of an action . . . is a sanction of last resort." *Regional Refuse Sys. v. Inland Reclamation Co,* 842 F.2d 150, 154 (6th Cir. 1988). Moreover, Plaintiff was not previously warned that this particular violation could result in dismissal. *See Schager v. City of Defiance Police Dep't*, 529 F.3d 731, 738 (6th Cir. 2008) ("we have reversed dismissal of certain cases where the district court failed to 'put the derelict parties on notice that further noncompliance would result in dismissal.'") (citations omitted). Under the totality of the circumstances, the Court does not find that Plaintiff's conduct rises to the level of egregiousness necessary to support dismissal.

As the Magistrate Judge correctly noted, however, there can be no doubt that Plaintiff's discovery tactics, if left unsanctioned, are highly prejudicial to Defendants'.

Accordingly, the proper remedy in this case is to prohibit Plaintiff from relying on any evidence not previously disclosed during the discovery period. The Court therefore agrees with the Magistrate Judge's recommendation to strike those portions of Plaintiff's amended response identified in Defendant Henry Ford's motion to strike. (Dkt. 93). Moreover, in light of the Magistrate Judge's familiarity with this matter, the Court finds that the most efficient means of disposing of Defendants' motions is to return the Report and Recommendation (Dkt. 99) with instructions to reconsider the motions for summary judgment. *See* 28 U.S.C. § 636(b) (1) (stating that a "judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); *see also Thompson v. Corr. Med. Servs., Inc.,* 09-14483, 2014 WL 3894367, at *2 (E.D. Mich. Aug 8, 2014) (Borman, J) (recommitting a motion for summary judgement to the magistrate judge following the court's review of the plaintiff's objections).

Accordingly, the Court ACCEPTS IN PART and REJECTS IN PART the Magistrate Judge's Report and Recommendation. Specifically, Plaintiff is foreclosed from relying on any new evidence in response to Defendants' motions for summary judgment. Furthermore, the Court returns this matter to the Magistrate Judge with instructions to reconsider Defendants' motions for summary judgment without regard to any evidence identified in Henry Ford's motion to strike.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 3, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 3, 2015, by electronic and/or ordinary mail.

                                            s/Carol J. Bethel
                                            Case Manager